NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-13519

ORRETT DALEY  vs.  COMMONWEALTH.


March 29, 2024.


Supreme Judicial Court, Superintendence of inferior courts,
     Appeal from order of single justice.



     Orrett Daley appeals from a judgment of the county court
denying, without a hearing, his petition for relief under G. L.
c. 211, § 3, on the ground that he has an adequate remedy in the
normal appellate process.  We affirm.

     Daley has been charged in the District Court with operating
a motor vehicle while under the influence of liquor and other
offenses.  He filed a motion for third-party records,
specifically, personal telephone records of the State police
trooper[1] who conducted the motor vehicle stop that resulted in
the charges.  That motion was denied, as was a motion for
reconsideration.  Some months later, Daley filed a motion to
impose sanctions on the Commonwealth for an alleged lack of
compliance with a discovery order and a request for records
based on new evidence.  That motion and request were also
denied.  Daley's G. L. c. 211, § 3, petition challenged these
interlocutory rulings.

     The case is before us pursuant to S.J.C. Rule 2:21 (2), as
amended, 434 Mass. 1301 (2001), which requires Daley to file a

---

[1] The trooper filed a motion to intervene in the county
court proceedings.  The single justice, having ruled that Daley
was not entitled to relief, denied the motion to intervene as
moot.  That ruling has not been challenged before us.

record appendix and memorandum "set[ting] forth the reasons why review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means."[2]  Daley cannot make this showing.  The adverse rulings can be addressed on appeal if he is convicted of any offense.  Daley asserts that he should not have to await conviction and appeal, but offers no reason why this ordinary process, applicable in any other case where a criminal defendant unsuccessfully moves for discovery, is inadequate in his case.  The single justice neither erred nor abused his discretion by denying relief.

<u>Judgment affirmed</u>.

The case was submitted on the papers filed, accompanied by a memorandum of law.

<u>Michael A. McLaughlin</u> for the petitioner.

---

[2] Daley has filed a brief, which we are treating as the memorandum required by the rule.